IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| PEGGY JEAN GONZALEZ, | ) | CASE NO. BK09-81123-TJM |
| | ) | |
| Debtor(s). | ) | CHAPTER 7 |

ORDER

Hearing was held on October 11, 2011, on the debtor's motion to reopen the case (Fil. No. 21) and resistance by Bel Fury Investments Group, LLC (Fil. No. 23). Barbara Lohr Van Sant appeared for the debtor and Brian Muench appeared for Bel Fury.

The debtor filed this Chapter 7 case on April 30, 2009. She had no non-exempt assets which could be administered for the benefit of her creditors, so no proofs of claim were filed. She received a discharge of her debts on August 10, 2009.

Prior to filing bankruptcy, Ms. Gonzalez rented an Omaha residence from Bel Fury Investments Group. In May 2011, Bel Fury sued her in Douglas County Court for rent due and damages to the property of nearly $6,000 and obtained a summary judgment. Bel Fury did not learn of the bankruptcy case until later. Ms. Gonzalez then moved to reopen her bankruptcy case to list Bel Fury as a creditor and obtain a discharge of the debt. Bel Fury opposes the motion to reopen, arguing that § 523(a)(3)[1] of the Bankruptcy Code by its terms precludes a discharge of unscheduled debts.

---

[1] Sec. 523. Exceptions to discharge
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
. . .
   (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit –
      (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
      (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

Bel Fury's strict reading of the statute is more applicable in bankruptcy cases in which there are assets to administer and the debtor's omission of a creditor may cause that creditor to lose out on a distribution. That interpretation is not followed in no-asset Chapter 7 cases because there is no harm to the creditor. The right protected by § 523(a)(3) is generally considered to be the creditor's right to timely file a proof of claim. Millican v. Jones Oil Co. (In re Millican), Case No. CV84-O-396 (D. Neb. Nov. 29, 1984) (citing In re Stark, 26 B.R. 178 (C.D. Ill. 1982), aff'd, 717 F.2d 322 (7th Cir. 1983)). If there are no assets, no claims will be filed, so the creditor who could not file a claim because it was unaware of the bankruptcy suffers no real harm. "[I]f the debtor's [case] was noticed and administered as a 'no-asset case' – one in which no deadline to file claims is fixed because the debtor's schedules do not show non-exempt assets, and none emerge during the trustee's administration – an omitted creditor cannot complain of prejudice to its right to claim a distribution." Hauge v. Skaar (In re Hauge), 232 B.R. 141, 147-48 (Bankr. D. Minn. 1999). See also Waterson v. Hall, 515 F.3d 852, 856 (8th Cir. 2008) (noting that the rule that a debt is discharged in a no-asset case regardless of whether it was listed in schedules does not apply when assets were in fact available).

If Bel Fury's debt was of the type considered non-dischargeable under § 523(a)(2), (4), or (6), then it would have survived discharge and Bel Fury could raise that as an issue in its collection efforts. As it is, there is nothing before the court to suggest this debt is non-dischargeable under one of those subsections.

The commentators in the Collier on Bankruptcy treatise explain that a motion to reopen is unnecessary in a no-asset, non-§ 523(a)(2), (4), or (6) situation:

> In a no-asset chapter 7 case, no deadline is set for the filing of claims. Therefore, the lack of notice to the creditor does not deprive the creditor of the opportunity to file a timely proof of claim. In such circumstances, unless the debt falls within subsection 523(a)(2), (a)(4) or (a)(6), it is discharged. If the debt does fall within those subsections, since the deadline for filing a dischargeability complaint will have passed before the case is closed, reopening the case will not alter the fact that the debt is nondischargeable. Nevertheless, a bankruptcy court has the discretion to reopen a case to permit a debtor to amend the schedules to add a creditor so that the debtor may have an accurate list of the discharged debts, thereby assisting, in a practical manner, in the implementation of the debtor's fresh start.

4 Collier on Bankruptcy ¶ 523.09.

In this case, the court will exercise its discretion to reopen the case to clarify that the debt at issue was in fact discharged. However, the creditor will be given sixty days from the reopening date to file an adversary proceeding under § 523.

IT IS ORDERED: The debtor's motion to reopen the case (Fil. No. 21) is granted. She may amend her schedules to include Bel Fury Investments Group, LLC, and it is given sixty days to file an adversary proceeding.

    DATED:      October 20, 2011

                                          BY THE COURT:

                                          /s/ Timothy J. Mahoney
                                        United States Bankruptcy Judge

Notice given by the Court to:
    \*Barbara Lohr Van Sant
    Brian Muench
    United States Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.